Paul M. Levine (007202)
Matthew A. Silverman (018919)
Jessica Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorney for: Secured Creditor, First Horizon Home Loans, a division of First Tennessee Bank National Association, its assignees and/or successors, and its servicing agent MetLife Home Loans a division of MetLife Bank NA., assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| In re<br><br>Barry Weisband,<br><br>           Debtor(s).<br><br>In re:<br><br>Barry Weisband,<br><br>           Plaintiff,<br><br>v.<br><br>First Horizon Home Loans, a division of First Tennessee Bank National Associations, its assignees and/or successors; Metlife Home Loans, a division of Metlife Bank NA; Mortgage Electronic Registration Systems, LLC; Deutsche Bank National Trust Company as Trustee for Franklin Credit Trust Series I; and John Does, 1-1000.<br><br>           Defendants. | Adversary No. 09-ap-00918-EWH<br><br>Case No. 4:09-bk-05175-EWH<br><br>Chapter 13<br><br><br><br>**ANSWER TO DEBTOR'S COMPLAINT TO MODIFY PRIMARY MORTGAGE AND TO EXTINGUISH SECONDARY LIENS ON DEBTOR'S PROPERTY** |

1

Adversary Answer, Case No. 4:09-AP-00918-EWH
AZ09-26810 / AZ09-34461/ AZ09-13954

Case 4:09-ap-00918-EWH   Doc 5   Filed 09/29/09   Entered 09/29/09 05:21:32   Desc
Main Document   Page 1 of 7

Defendants First Horizon Home Loans, a division of First Tennessee Bank National Association, its assignees and/or successors, and its servicing agent MetLife Home Loans a division of MetLife Bank NA., (hereinafter, "Secured Creditor") in the above captioned matter hereby submits its Answer to Debtor's Complaint to Modify Primary Mortgage and to Extinguish Secondary Liens on Debtor's Rental Property. Secured Creditor hereby answers as follows:

1. Secured Creditor admits the allegations contained in paragraphs 1 through 3 of Debtor's Complaint.

2. Secured Creditor denies the allegations contained in paragraph 4 of Debtor's complaint. Debtor asserts that he is entitled to bifurcate Secured Creditor's lien on the real property generally known as 2774 North Fair Oaks Avenue, Tucson Arizona 85712 (hereinafter, "2774 property"), to a secured and unsecured claim, repay the secured claim over a term of 30 years, and dispose of the unsecured portion of the lien through his confirmed Chapter 13 plan. Specifically, Debtor requests modification of the principle balance of the loan to $115,000.00, Debtor's asserted valuation of the property, which shall be paid over 30 years, beginning with the first payment due on May 1, 2009 and continuing through April 2039, with the fixed monthly interest rate of 4%, which equals principle and interest payments of $549.03 per month.

However, this type of modification of a secured claim is specifically disallowed under Chapter 13 of the United States Bankruptcy Code as explained by the United States Court of Appeals for the Ninth Circuit in *In re Enewally*, 368 F.3d 1165 (9th Cir. 2004). In *In re Enewally*, the Debtors filed an adversary claim against mortgage creditor, Washington Mutual Bank, seeking judgment valuing non-residential mortgaged property at an amount less than the outstanding loan amount, bifurcating the real estate lien into secured and unsecured claims,

extending term of repayment beyond life of plan, and disposing of the unsecured lien through the confirmed Chapter 13 plan. *Id.*

The Court of Appeals in *In re Enewally* agreed with the lower Court's finding that "a secured claim may not be modified under § 1322(b)(2) by reducing the size of the monthly payment for the duration of the original loan agreement (if the original duration exceeds the length of the plan)…which may not exceed five years" *Id.* at 1171. The Court of Appeals in *In re Enewally* held that "(1) § 1322(b)(2) by itself does not permit the debtors to repay the secured claim over a period longer than the plan term; (2) a chapter 13 debtor may not invoke both a modification of a secured creditor's claim under § 1322(b)(2) and the right to "cure and maintain" beyond the plan term as authorized under § 1322(b)(5); and (3) a modification of secured debt under Chapter 13 must be accomplished in a manner consistent with § 1322(b)(2). Therefore, a debtor may not use § 506(a) in combination with § 1322(b)(5) to reduce the secured claim and repay it over a period longer than the plan term." *Id.* at 1172.

Here, the Debtor is seeking to modify the Secured Creditor's lien in the same manner as was attempted in *In re Enewally,* by reducing the principle balance owed on the lien to $115,000.00 to be paid over a term of 30 years. This modification of Secured Creditor's rights is not permissible under Chapter 13 of the Bankruptcy Code because it would require a reduction of the Secured Creditor's claim with the repayment extending past the life of Debtor's Chapter 13 plan.  Therefore, Debtor's request is inconsistent with the remedies provided under Chapter 13 of the United States Bankruptcy Code and should be denied.  Secured Creditor is entitled to full payment of their Secured Claim against 2774 property as described in Secured Creditor's Objection to Debtor's plan.

3. With respect to the allegations contained in paragraphs 5 through 6, Secured Creditor is without sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 5 through 6 of Debtor's Complaint and therefore deny the same.

4. Secured Creditor admits the allegations contained in paragraphs 7 through 8 of Debtor's Complaint.

7. Secured Creditor denies the allegations contained in paragraph 9 of Debtor's complaint. Debtor asserts that he is entitled to bifurcate Secured Creditor's lien on real property generally known as 2764 North Fair Oaks Avenue, Tucson Arizona, 85712 (hereinafter, "2764 property") to a secured and unsecured claim, repay the secured claim over a term of 30 years, and dispose of the unsecured portion of the lien through his confirmed Chapter 13 plan. Specifically, Debtor requests modification of the principle balance of the loan to $115,000.00, Debtor's asserted valuation of the property, which shall be paid over 30 years, beginning with the first payment due on May 1, 2009 and continuing through April 2039, with the fixed monthly interest rate of 4%, which equals principle and interest payments of $549.03 per month.

However, this type of modification of a secured claim is specifically disallowed under Chapter 13 of the United States Bankruptcy Code as explained by the United States Court of Appeals for the Ninth Circuit in *In re Enewally*, 368 F.3d 1165 (9th Cir. 2004). In *In re Enewally*, the Debtors filed an adversary claim against mortgage creditor, Washington Mutual Bank, seeking judgment valuing non-residential mortgaged property at an amount less than the outstanding loan amount, bifurcating the real estate lien into secured and unsecured claims, extending term of repayment beyond life of plan, and disposing of the unsecured lien through the confirmed Chapter 13 plan. *Id.*

The Court of Appeals in *In re Enewally* agreed with the lower Court's finding that "a secured claim may not be modified under § 1322(b)(2) by reducing the size of the monthly payment for the duration of the original loan agreement (if the original duration exceeds the length of the plan)…which may not exceed five years" *Id.* at 1171. The Court of Appeals held that "(1) § 1322(b)(2) by itself does not permit the debtors to repay the secured claim over a period longer than the plan term; (2) a chapter 13 debtor may not invoke both a modification of a secured creditor's claim under § 1322(b)(2) and the right to "cure and maintain" beyond the plan term as authorized under § 1322(b)(5); and (3) a modification of secured debt under Chapter 13 must be accomplished in a manner consistent with § 1322(b)(2). Therefore, a debtor may not use § 506(a) in combination with § 1322(b)(5) to reduce the secured claim and repay it over a period longer than the plan term." *Id.* at 1172.

Here, the Debtor is seeking to modify the Secured Creditor's lien in the same manner as was attempted in *In re Enewally,* by reducing the principle balance owed on the lien to $115,000.00 to be paid over a term of 30 years. This modification of Secured Creditor's rights is not permissible under Chapter 13 of the Bankruptcy Code because it would require a reduction of the Secured Creditor's claim with the repayment extending past the life of Debtor's Chapter 13 plan. Therefore, Debtor's request is inconsistent with the remedies provided under Chapter 13 of the United States Bankruptcy Code and should be denied. Secured Creditor is entitled to full payment of their lien against 2764 property as described in Secured Creditor's Objection to Debtor's plan.

5. With respect to the allegations contained in paragraphs 10 through 11, Secured Creditor is without sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 10 through 11 of Debtor's Complaint and therefore deny the same.

5
Adversary Answer, Case No. 4:09-AP-00918-EWH
AZ09-26810 / AZ09-34461/ AZ09-13954

Case 4:09-ap-00918-EWH   Doc 5   Filed 09/29/09   Entered 09/29/09 05:21:32   Desc
Main Document   Page 5 of 7

WHEREFORE Secured Creditor respectfully requests the Court:

    A.    Deny Debtor's request to modify the principle mortgage on the 2774 property and the 2764 property;

    B.    Grant Secured Creditor attorneys fees and costs;

    C.    Any and all relief the Court deems just and proper.

Dated: September 29, 2009        **McCarthy ◆ Holthus ◆ Levine**

        By: /s/ Matthew A. Silverman
        Paul M. Levine
        Matthew A. Silverman
        3636 North Central Avenue
        Suite 1050
        Phoenix, AZ 85012
        Attorneys for Movant

6

Adversary Answer, Case No. 4:09-AP-00918-EWH
AZ09-26810 / AZ09-34461/ AZ09-13954

Case 4:09-ap-00918-EWH   Doc 5   Filed 09/29/09   Entered 09/29/09 05:21:32   Desc
Main Document   Page 6 of 7

1     On 9/29/2009, I served the foregoing documents described as ANSWER TO
2 DEBTOR'S COMPLAINT TO MODIFY PRIMARY MORTGAGE AND TO EXTINGUISH
3 SECONDARY LIENS ON DEBTOR'S PROPERTY, on the following individuals by placing
4 true copies thereof enclosed in sealed envelopes addressed as follows:

    Debtor's Counsel
    Ronald Ryan
    1413 E. Hedrick Drive
    Tucson, AZ 85719

**I declare under penalty of perjury that the foregoing is true and correct.**

    /s/ Nancy Bustos

7
Adversary Answer, Case No. 4:09-AP-00918-EWH
AZ09-26810 / AZ09-34461/ AZ09-13954

Case 4:09-ap-00918-EWH    Doc 5    Filed 09/29/09    Entered 09/29/09 05:21:32    Desc
Main Document    Page 7 of 7